■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIUS KING, Also KNOWN as JULIUS THOMAS KING and J. THOMAS KING, Appellant.— Appeals by defendant from (1) a judgment of the former County Court, Kings County, rendered February 21, 1957, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) an order of the Supreme Court, Kings County, dated May 24, 1966, denying his application in *coram nobis* to vacate the judgment, after a hearing. Order affirmed. No opinion. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. Convicted in 1957 of robbery in the first degree, the 17-year-old defendant was sentenced to a term of 10 to 15 years. Though he duly appealed from the judgment, his appeal was dismissed in 1958 for failure to prosecute. In 1968, after a *coram nobis* hearing, the appeal from the judgment was reinstated on the ground that defendant had not been advised by his assigned counsel of his right to prosecute the appeal as a poor person. Of the many arguments raised by him, only one is sufficient for reversing the judgment. In proof of defendant's guilt, a detective testified that, when defendant was arraigned in Adolescent Court, that court granted defendant's father's request to speak to defendant, but on the condition that the detective would be present. The detective further testified that he was present during the ensuing conversation; and defendant's father's testimony shows that there was no other conversation than the one to which the detective and he had testified. According to the detective, defendant's father, during that conversation, asked defendant whether he had robbed the complainant, and defendant answered, " Yes ". On his direct examination, defendant's father testified that defendant had admitted that he robbed the complainant but that defendant had said that the police forced him to make the admission, having beaten and otherwise coerced him. Because defendant's father was unable to testify whether the detective was present during the conversation, the father's testimony was stricken and the jury was instructed to disregard it. On the father's redirect examination, defendant attempted to draw from him that he, the defendant, had admitted not the robbery but the confession; however, the trial court, on the ground given for the striking of the father's testimony on direct, would not allow the father to answer. On cross-examination, the father had answered that defendant had said that he had done it, but, as above stated, on redirect examination the court would not allow the father to say if defendant had given that answer to the question whether he had committed the robbery or to the question whether he had confessed it, again on the ground that the father was unable to testify that the detective was present during the conversation. In so striking the father's testimony and forbidding defendant to inquire into his father's recollection of the conversation had between them in Adolescent Court, the court committed reversible error. Though the father was unable to state whether the detective was present, the jury could have found from the detective's testimony that he was present. Further, the jury could have found from the testimony given by the detective and the father that both were testifying about the same conversation, concerning which each had a vitally different recollection. Therefore, defendant should not have been barred from proving that what the People claimed he confessed to his father was not confessed at all, but that, instead, he had said to his father that he had confessed, but by reason of threats and main force. Christ, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Munder, J., concurs in the affirmance of the order, but otherwise dissents and votes to affirm the judgment (Code Crim. Pro., § 542).